IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20066-31-KHV |
| JULIUS SMITH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On March 31, 2014, the Court sentenced defendant to 180 months in prison. On December 9, 2015, the Court overruled defendant's pro se motion to reduce sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). See Memorandum And Order (Doc. #1881). This matter is before the Court on defendant's Motion To Seal Memorandum And Order (Doc. #1935) filed March 17, 2016. For reasons stated below, the Court overrules defendant's motion.

Federal courts have long recognized a common-law right of access to judicial records. United States v. Apperson, No. 14-3069, 2016 WL 898885, at *6 (10th Cir. Mar. 9, 2016) (citing Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007)). This right stems from the public's fundamental interest in understanding disputes that are presented to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Crystal Grower's, 616 F.2d at 461-62. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d

1277, 1292 (10th Cir. 2011); Crystal Grower's, 616 F.2d at 461. The party seeking to overcome the presumption of public access must show that interests which favor non-disclosure outweigh the public interest in access to court proceedings and documents. See Apperson, 2016 WL 898885, at *6; Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012). The parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process. Colony Ins., 698 F.3d at 1241; see Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").

Defendant asks the Court to seal the Memorandum And Order (Doc. #1881) because the order "refers to information contained in sealed documents" and the Tenth Circuit has sealed the record on appeal.[1] Motion To Seal Memorandum And Order (Doc. #1935) at 1. Defendant does not specifically explain how his interest in non-disclosure of the information outweighs the public interest in open courts. See Apperson, 2016 WL 898885, at *7 (court cannot justify denying disclosure by endorsing generalized interests regarding confidentiality and potential "chilling effect" in future cases); Colony Ins., 698 F.3d at 1242 (denying motions to seal where parties did not submit specific argument or facts indicating why confidentiality of settlement agreements outweighs presumption of public access). In addition, defendant does not explain how sealing the order at this time protects any such interest. The order has been a matter of public record for some three months and it is readily available at on-line legal research sites. On the present record, the Court overrules defendant's motion to seal.

---

[1] Defendant notes that the panel assigned to hear the appeal will decide whether to seal the appellate opinion.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Seal Memorandum And Order</u> (Doc. #1935) filed March 17, 2016 be and hereby is **OVERRULED**.

Dated this 4th day of April, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge