**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20066-31-KHV** |
| JULIUS SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 31, 2014, the Court sentenced defendant to 180 months in prison and ten years of supervised release.   On February 17, 2021, the Court granted defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A).   See Memorandum And Order (Doc. #2310).   The Court reduced defendant's term of imprisonment to time served and—in addition to defendant's original term of ten years of supervised release—imposed a special term of supervised release of 54 months (to approximate his projected release date with good time credit) with a condition of home confinement.   See id. at 9–10.   This matter is before the Court on Defendant's Motion To Terminate Term Of Supervised Release (Doc. #2359) filed October 10, 2023.   For reasons stated below, the Court overrules defendant's motion.

## Analysis

At any time after the expiration of one year of supervised release, the Court may terminate a term of supervised release and discharge defendant if such action is warranted by the conduct of defendant and the interest of justice.   18 U.S.C. § 3583(e)(1).   Initially, the parties dispute whether defendant is eligible for early termination of supervised release.   Defendant argues that he is eligible because he has served more than one year of the total term of 174 months of

supervised release (i.e. combining the special term of 54 months and the original term of 120 months).   Defendant's Motion To Terminate Term Of Supervised Release (Doc. #2359) filed October 10, 2023 at 3–5.   The government suggests that defendant is not eligible for early termination of supervised release until he has served the entire special term of 54 months plus at least 12 months of the original term of supervised release.   Government's Response In Opposition To Motion To Terminate Term Of Supervised Release (Doc. #2366) filed October 30, 2023 at 2–5.   Because defendant has not shown that termination of supervised release is in the interest of justice, the Court need not address this issue.   For purposes of defendant's motion, the Court assumes that he has completed the necessary period of supervised release under Section 3583(e)(1).

The Court has "broad discretion" to grant or deny termination of supervised release. Rhodes v. Judiscak, 676 F.3d 931, 934 (10th Cir. 2012) (citing Burkey v. Marberry, 556 F.3d 142, 144–45 (3d Cir. 2009)); see United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (expansive phrases "conduct of the defendant" and "interest of justice" give district court discretion to consider "wide range of circumstances").

The Court first notes the different purposes of the original term of supervised release of 120 months and the special term of supervised release of 54 months.   An ordinary term of supervised release including defendant's original term of 120 months does not "replace a portion of the defendant's prison term."   United States v. Haymond, 139 S. Ct. 2369, 2382 (2019) (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)). Instead, the Court ordinarily imposes supervised release "only to encourage rehabilitation *after* the completion of defendant's prison term."   Id. (emphasis in original) (citing United States

Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)); see United States v. Johnson, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

In contrast, under the compassionate release statute, the Court can impose a special (or additional) term of supervised release not to "exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). This special term of supervision can include a condition of home confinement but "only as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). Consistent with these statutes and because the Court lacked authority to order the Bureau of Prisons to transfer defendant from prison to home confinement, the Court imposed the special term of 54 months of supervised release with a condition of home confinement as a substitute for defendant's remaining prison term. See U.S.S.G. § 5F1.2 (home detention may be imposed as condition of probation or supervised release "only as a substitute for imprisonment"); see United States v. Ivory, No. 22-3094, 2023 WL 4488193, at *4 (10th Cir. July 12, 2023) (home confinement is permissible condition of supervised release "if it is an alternative to incarceration") (citing 18 U.S.C. § 3583(e)(4)); see also United States v. Lewis, 226 F. App'x 830, 830 n.1 (10th Cir. 2007) (because term of home detention substituted for equal term of imprisonment, total sentence imposed was within guideline range) (citing U.S.S.G. §§ 5C1.1(d), 5F1.2).

The Court also notes that in defendant's motion for compassionate release, he specifically requested 48 months of home confinement "in lieu of" the remaining prison sentence followed by 72 months of supervised release. Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #2298) filed January 7, 2021 at 2. The Court granted defendant's motion in part. The Court determined that a sentence of time served with a special term of

supervised release including home confinement of 54 months was "sufficient, but not greater than necessary, to reflect the seriousness of the offense, afford adequate deterrence, protect the public and provide defendant needed treatment in the most effective manner."   Memorandum And Order (Doc. #2310) at 9 (citing 18 U.S.C. § 3553(a)(2)(A)–(D)); see id. at 8 ("When combined with a special term of supervised release that includes 54 additional months of home confinement (to approximate defendant's original release date), a reduced sentence under Section 3582(c)(1)(A) is consistent with the seriousness of the offense, the need for deterrence and the need to protect the public.").   The Court noted that in addition to the special term of supervised release of 54 months on home confinement, defendant must serve his original ten years of supervision which would begin on August 24, 2025 (i.e. his original expected release date).   See id. at 9–10.

Defendant notes that in prison, he worked as a hospital attendant, earned his GED and successfully completed at least 20 programs including a drug education program and a Commercial Driver's License program.   Defendant's Motion To Terminate Term Of Supervised Release (Doc. #2359) at 7–8.   Based on these factors and others, the Court sustained defendant's motion for compassionate release.   The Court determined that defendant's release from prison was warranted on the condition that he remain on home confinement for the remaining period of his original sentence and then serve his original ten-year term of supervised release.   Memorandum And Order (Doc. #2310) at 9–10.

Since defendant's release from prison, defendant has complied with the conditions of his supervised release and currently is employed as a truck driver.   The Court recognizes defendant's continued progress towards rehabilitation and his compliance with the terms of his supervised release.   In part because of these reasons and at the request of the U.S. Probation Office, the Court

-4-

removed the condition of home confinement subject to electronic monitoring.   The current terms and conditions of his supervision do not materially impair his ability to continue to thrive as a member in the community.   The Court commends defendant's continued progress towards rehabilitation.

Despite defendant's success so far on supervise release, however, after considering the relevant factors under Section 3553(a), the Court finds that termination of the remaining term of supervised release is not in the interest of justice.[1]   Specifically, a term of supervised release of 34 months (some 20 per cent of the total term imposed) is insufficient to afford adequate deterrence to criminal conduct and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.   18 U.S.C. § 3553(a)(2)(B), (a)(6).   The Court also places some weight on the equitable consideration that defendant has not completed the first 54 months of his supervised release which the Court imposed as a substitute for his remaining prison term.   Again, the Court assumes that this factor is not dispositive (i.e. defendant is eligible for early termination of supervised release).   Even so, at this stage, defendant has not shown that based on the relevant factors under Section 3553(a) that termination of his supervised release is in the interest of justice.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion To Terminate Term Of</u>

---

[1]        In granting defendant compassionate release, the Court balanced the factors under Section 3553(a) and determined that he should serve a special term of 54 months as a substitute for his remaining term of imprisonment and an additional 120 months of supervised release. <u>Memorandum And Order</u> (Doc. #2310) at 9 (citing 18 U.S.C. § 3553(a)(2)(A)–(D)).   In deciding whether the termination of supervised release is in the interest of justice, the Court only considers the factors set forth in subsections (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) of Section 3553.   18 U.S.C. § 3583(e).   Even so, at this stage, defendant has not shown that termination of supervised release is warranted.

Supervised Release (Doc. #2359) filed October 10, 2023 is **OVERRULED**.

Dated this 11th day of December, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge